## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 09-20875-CR-SEITZ

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

v.

**RICARDO HERNANDEZ,**             **REPORT AND RECOMMENDATION**

     **Defendant.**

_____/

On or about April 30, 2010, court-appointed defense counsel Charles G. White ("Counsel") submitted a voucher application numbered FLS 10 4521 requesting $12,114.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a Motion to Exceed Statutory Cap For Attorney's Fees and detailed time sheets labeled the "Memorandum of Time Expended" (the "Memorandum") in support of his voucher application. Counsel represented Defendant Ricardo Hernandez ("Defendant") for approximately three (3) months from his appointment on January 21, 2010 until April 22, 2010.

Counsel seeks $12,114.00 in his application, an amount which exceeds the $9,7000.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 217]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a)*; see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration
## of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

-2-

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order for Counsel to be compensated in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, this case involved a number of co-defendants. Defendant was one of six (6) defendants in this case. Although this case originally commenced in September 2009, Defendant was charged and arrested in January 2010, nearly four (4) months later. Defendant was the last defendant arrested in this case.

The government originally filed a Criminal Complaint **[DE # 1]** against Defendant. Defendant was later indicted on January 20, 2010 in a Third Superseding Indictment **[See DE # 105]**. In the four count Third Superseding Indictment, the government alleged that Defendant conspired to and knowingly possessed a stolen "interstate and foreign shipment of freight" in violation of 18 United States Code §§ 659 & 2. Specifically, the government alleged that Defendant, along with five co-defendants, stole a trailer full of frozen shrimp that were imported from Thailand and transported the trailer from Jacksonville, Florida to Miami. **[See DE # 1]**.

Second, at the time that Defendant was added to this case, the trial was scheduled to commence on February 10, 2010, barely one month after Defendant's arrest. As a result, Counsel was required to learn everything about this case very quickly. Counsel had to review all of the pleadings and the entire record of what had occurred in the case prior to his appearance on an expedited basis.

-3-

In an effort to ensure that the trial proceeded as originally planned, "the Government made all of the discovery available immediately to counsel for his review." (Motion at 2). The "discovery was voluminous" and because of the imminent trial date, Counsel visited Defendant "at the FDC Miami on two Saturdays to review it with him." (Motion at 2).

Third, the government considered the possibility of charging Defendant with extortion. Counsel worked with the assigned Assistant United States Attorney to discuss Defendant's willingness to cooperate with the government in order to avoid the extortion charge. (Motion at 2). After Defendant "indicated his willingness to consider cooperating, the Government indicted him for a theft from interstate commence, but not a related extortion charge." (Motion at 2).

Fourth, the fact that the government was considering a potential extortion charge required Counsel to research defenses to said charge. Specifically, "[t]here was an issue whether [Defendant] participated in the extortion scheme, but because he withdrew, he might have a defense. Legal research into the elements of extortion and available defenses was necessary for the defense." (Motion at 2).

Fifth, this case was rendered more complex because Defendant faced the potential of additional drug charges in Melbourne, Florida related to his arrest in this case. As Counsel explained, "[when] the agents [in this case] were looking for [Defendant], back in January 2010, they apprehended him leaving a hydroponic grow-house." (Motion at 2). Later, when Defendant elected to cooperate with the government in this case, "aspects of that Melbourne case became relevant to the case before the Court. The time spent by Counsel investigating the Melbourne case detailed in the Memorandum of Time Expended was necessary for the defense in this case." (Motion at 3).

-4-

Defendant eventually plead guilty to Counts I and II of the Third Superseding Indictment. **[See DE # 230]**. He was sentenced to a total of eighteen (18) months as to each Count I and Count II with the sentences to run concurrently. **[See DE # 230]**. Defendant was also ordered to pay restitution in the amount of $304,832.68.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due to the number of Defendants in this case and the fact that the trial was scheduled to begin so soon after Counsel made his appearance in this case. As a result, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. As I have concluded that this matter was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### Voucher Amount - Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel sought compensation for 2.0 in-court hours totaling $220.00. After verifying the in-court hours, the CJA administrator reallocated the 2.0 hours listed by Counsel to the category "Arraignment and/or Plea." The CJA administrator also corrected the hourly rate used by Counsel, increasing the rate to $125.00 per hour rather than $100.00 per hour for a new total of $250.00.

The CJA administrator also reviewed the 105.9 out-of-court hours listed by Counsel. Counsel sought compensation for 27.2 hours for "Interviews and Conferences" and 38.7 hours for "Obtaining and reviewing records". Counsel also sought compensation for 4.8

-5-

hours for "Legal research and brief writing", 18.5 hours in "Travel time" and 6.7 hours "Investigative and Other work." Counsel made a mathematical error on the voucher - listing the total number of out-of-court hours at 105.9. The CJA reduced this figure to 96.1 hours.

Upon her review, the CJA administrator increased the amount of time requested for "Obtaining and reviewing records" to 38.9 hours rather than the 38.7 hours listed by Counsel in the voucher. The CJA administrator also increased the hourly rate to be applied to the out-of -court hours to $125.00 per hour rather than $110.00 per hour. This increased the total amount sought by Counsel for out-of-court hours to $12,012.50.

Counsel also listed $245.00 in "Travel Expenses." The CJA administrator made no changes to this amount.

## In-Court Hours[1]

Counsel seeks a total of $220.00 for 2.0 in-court hours at the rate of $110.00 per hour. The CJA Administrator corrected the hourly rate used by Counsel to $125.00 per hour, thereby increasing the total amount sought for in-court hours to $250.00. I approve this amount as reasonable.

## Out-of-Court Hours

Counsel sought $11,869.00 for 105.9 out-of-court hours. Again, the CJA administrator made several changes to both the total dollar amount and total number of out-of-court hours listed by Counsel in the voucher.

---

[1]

The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

First, the CJA administrator corrected the hourly rate for the out-of-court hours listed by Counsel. She increased the rate from $110.00 per hour to $125.00 per hour. Second, the CJA administrator corrected the amount of time Counsel spent "Obtaining and reviewing records" to 38.9 hours, an increase from 38.7 hours. Third, the CJA administrator corrected the total amount of out-of-court hours listed by Counsel to 96.1 hours, from 105.9 hours. The CJA administrator determined that the new total dollar amount for out-of-court hours was $12,012.50.

After initially reviewing the voucher, I requested a more detailed explanation from Counsel regarding some of the entries listed in the Memorandum of Time Expended which accompanied his voucher. To that end, I met with Counsel on July 29, 2010 to discuss the voucher. Following that meeting, Counsel submitted a letter of explanation dated August 2, 2010 ("Letter of Explanation") providing additional information concerning the nature of Counsel's representation of Defendant.

In his Letter of Explanation, Counsel reduced many of the questionable entries and further explained other entries. Counsel also voluntarily eliminated some entries. The undersigned commends Counsel for his willingness to police his own fees to ensure compliance with the Guidelines and the "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions"). Only two of the troublesome entries remain, and I recommend that these entries be eliminated:

| 4/8/10 | Telephone conference with Defendant's wife | 0.1 hour |
| 4/9/10 | Telephone conference with Defendant's daughter | 0.1 hour |

Counsel explained in his Letter of Explanation that he made these calls to Defendant's family members after he was replaced by another attorney in this case.

The Supplemental Instructions form provided by the Court reinforces the Guidelines and makes clear, however, that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." These entries are not compensable because it is time spent by Counsel informing Defendant's family that he was no longer Counsel of record rather than time which contributed to Defendant's defense. Although commendable, such time is not compensable under the CJA. Accordingly, Counsel should not be compensated for these conferences with Defendant's family. This mandates a reduction of $25.00.

I find, however, that the remaining charges in the voucher, as revised by Counsel in his Letter of Explanation, are appropriate. Factoring in my deductions along with Counsel's own revisions, I recommend that Counsel should be paid $11,562.50 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have

-8-

explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $11,562.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

## Expenses

Counsel seeks $245.00 in "Travel Expenses." Again, the CJA administrator made no changes to this amount sought by Counsel. I approve the amount sought for "Travel Expenses" as reasonable.

## CONCLUSION

I commend Mr. White willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the entries listed by Counsel be considered non-reimbursable. To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, Counsel is entitled to reimbursement in excess of the statutory maximum of $9,700.00. Based upon my review of the voucher, the Memorandum of Time Expended, the Motion to Exceed Statutory Cap For Attorney's Fees, the Letter of Explanation, the docket and the filings in this case, I RECOMMEND that Counsel be paid $12,057.50 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this ⁀3⁀ day of August, 2010.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Charles G. White, Esq.
Lucy Lara, CJA administrator

-10-